# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

| | |
|---|---|
| CHARLOTTE SCHEESE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 4:26-cv-139 |
| GENERAL DYNAMICS LAND SYSTEMS, | ) |
| INC., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## DEFENDANT'S NOTICE OF REMOVAL

COMES NOW Defendant GENERAL DYNAMICS LAND SYSTEMS, INC. ("Defendant"), by and through its undersigned attorneys, and pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), hereby removes this case from the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, where it is now pending, to the United States District Court for the Northern District of Florida, Tallahassee Division. In support of this Notice of Removal, Defendant shows unto the Court the following:

## TIMELINESS OF REMOVAL

1.      On January 30, 2026, Plaintiff CHARLOTTE SCHEESE ("Plaintiff" or "Scheese") filed a civil action in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, entitled *Charlotte Scheese v. General Dynamics Land Systems, Inc.*, Case No. 2026-CA-000230. Plaintiff's Complaint asserts a claim of race discrimination under the Florida Civil Rights Act ("FCRA") and seeks unspecific actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, as well as attorneys' fees and costs, punitive damages and any other damages permitted by law.

FP 62526932.1

2.      Plaintiff served Defendant with the Complaint on February 27, 2026. True and correct copies of the summons and Complaint, along with "all process, pleadings, and orders served upon" Defendant to date are attached hereto as **Exhibit A**. 28 U.S.C. § 1446(a). Pursuant to Local Rule 7.2, Exhibit A also contains "a copy of each paper filed or served in the state court."

3.      This Notice of Removal has been timely filed under 28 U.S.C. § 1446(b)(1) within thirty (30) days of Defendant's receipt, through service, of a copy of the initial pleading setting forth the claims for relief upon which the action is based.

4.      A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, as required by law. *See* 28 U.S.C. § 1446(d). Defendant will supplement this notice of removal by filing with this Court a copy of the Notice of Filing Notice of Removal provided to the Clerk of the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida.

## VENUE

5.      The Circuit Court of the Second Judicial Circuit in and for Leon County, Florida is located within the Northern District of Florida. 28 U.S.C. § 89(a). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## INTRADISTRICT ASSIGNMENT

6.      The state court action that Defendant removes is pending in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida. Therefore, assignment to the Tallahassee Division is appropriate.

## DIVERSITY JURISDICTION

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441 because the action could have been filed in this Court under 28 U.S.C. § 1332(a)(1). This

is a civil action in which there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

8.      Complete Diversity. The diversity requirement of § 1332(a) is satisfied here because the action is between citizens of different states.

        a.      Plaintiff is a resident of the state of Florida. (Compl. ¶ 3.)

        b.      Defendant is a Delaware company and its principal place of business is located at 38500 Mound Road, Sterling Heights, Michigan, 48310. (Declaration of Gary Francis ("Francis Dec."), attached hereto as **Exhibit B**, at ¶ 5.) Therefore, Defendant is a citizen of the states of Delaware and Michigan. *See* 28 U.S.C. § 1332(c)(1).

9.      Amount in Controversy. Pursuant to 28 U.S.C. § 1332(a), when there is complete diversity, this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

10.     The Complaint seeks an unspecified amount of damages. Specifically, the Complaint states "[t]his action involves claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest." (Compl. ¶ 2).

11.     Where a plaintiff claims an unspecified amount of damages, removal is proper if the defendant can show, by a preponderance of the evidence, "that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *Skipper v. CSG Sys, Inc.*, Case No. 4:05-CV-402-RH/WCS, 2005 WL 8162898, at *1 (N.D. Fla. Dec. 30, 2005); *see Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 754 (11th Cir. 2010) ("The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it").

12.     "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

13.     Courts will consider other relevant evidence submitted by the parties, including the categories of relief available. *See Skipper*, 2005 WL 8162898, at *1–2; *Dawson v. Circle K Stores Inc.*, Case No. 4:20-CV-411-RH-MAF, 2020 WL 12279300 at *1 (N.D. Fla. Sept. 28, 2020).

14.     Notably, when the amount in controversy is not facially apparent from the complaint, courts will consider back pay that may accrue through the date of removal. *See, e.g., Dawson*, 2020 WL 12279300, at *1 (recognizing accrued back pay likely exceeded $75,000 and denying motion to remand); *Skipper*, 2005 WL 8162898, at *1–2 (recognizing plaintiff's demand for back pay and compensatory damages exceeded $75,000 and denying motion to remand); *Conde v. HCSG East, LLC*, Case No. 6:1-CV-717-GAP-LRH, at *4 (M.D. Fla. July 8, 2021) (denying motion to remand based on $46,849.32 in back pay at time of removal and plaintiff's entitlement to attorney's fees and prior settlement demand).

15.     An examination of the categories of damages claimed by Plaintiff in the Complaint demonstrates that the amount in controversy exceeds the jurisdictional minimum. In the Complaint, Plaintiff seeks backpay, front pay, bonuses, benefits, compensatory damages (including emotional distress damages, loss of enjoyment of life, and "other non-pecuniary losses"), punitive damages, attorneys' fees and costs, and any other damages permitted by law. (Compl. ¶ 29).

16.     At the time her employment ended in March 2023[1], Plaintiff had earned more than $32,000 in annual wages for her last full year of work. (Francis Dec. ¶¶ 8, 9) As such, as of the date of removal, Plaintiff's claimed backpay is more than $89,000.

17.     In addition, Plaintiff seeks damages for emotional distress. In a typical employment discrimination case, "where a plaintiff experiences no physical injury and presents no medical or psychological evidence of emotional pain and suffering, noneconomic damages should not exceed the $5,000 to $30,000 range." *Wineberger v. Racetrac Petroleum*, No. 5:14-cv-653, 2015 WL 225760, at *4 (M.D. Fla. Jan. 16, 2015). As such, with conservative assumptions, the amount in controversy includes emotional distress damages within this range.

18.     Plaintiff also seeks her attorneys' fees. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F. 3d 1255, 1265 (11th Cir. 2000). As such, Plaintiff's attorneys' fees should be added to the amount in controversy. *Wineberger v. Racetrac Petroleum*, No. 5:14-cv-653, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015) (concluding that a reasonable amount of attorney's fees should be included in determining the amount in controversy in case removed to federal court).

19.     Additionally, Plaintiff seeks punitive damages, which are recoverable under the FCRA. Fla. Stat. § 760.11(5). When a statute authorizes the recovery of punitive damages, such damages are considered as part of the jurisdictional amount. *McDaniel v. Fifth Third Bank*, 568 Fed. Appx. 729, 731 (11th Cir. 2014) ("Any inquiry into whether [the plaintiff] *would* actually recover [punitive damages] is unnecessary and inappropriate. For the purposes of establishing jurisdiction, it is enough to show that he *could*.").

---

[1] According to the Complaint, Plaintiff was terminated in early February 2023. (Compl. ¶ 6).

20.    As a matter of judicial experience and common sense, the amount in controversy exceeds $75,000 based on Plaintiff's claimed $89,000 in back pay at the time of removal, plus emotional distress damages, attorney's fees, and other claimed damages. *See Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1063 (recognizing a district court, relying on its judicial experience and common sense, can determine a claim satisfies the amount in controversy requirement).

### **CONCLUSION**

WHEREFORE, Defendant GENERAL DYNAMICS LAND SYSTEMS, INC. prays that further proceedings in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida be discontinued and that this suit be removed to the United States District Court for the Northern District of Florida, Tallahassee Division.

Respectfully submitted on March 27, 2026.

*s/Christine Howard*
**Christine Howard, Esq.**
Florida Bar No.: 872229
choward@fisherphillips.com
**Marisol Ruiz, Esq.**
Florida Bar No.: 1008134
mruiz@fisherphillips.com
**Shannon E. Murphy, Esq.**
Florida Bar No.: 1048855
semurphy@fisherphillips.com
Fisher & Phillips LLP
401 E Jackson Street, Suite 3100
Tampa, FL 33602
Telephone: (813) 769-7500
Facsimile: (813) 769-7501

*Counsel for Defendant*

FP 62526932.1

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 27, 2026, the above and foregoing document was filed and served via the Court's electronic filing system to the following counsel of record:

Thomas L. Dickens, III
Florida Bar No.: 063867
thomas.dickens@mattoxlaw.com
linette.williams@mattoxlaw.om
michelle2@mattoxlaw.com

Marie A. Mattox
Florida Bar No.: 0739685
marie@mattoxlaw.com

Marie A. Mattox, P. A.
203 North Gadsden Street
Tallahassee, FL 32301.
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
marlene@mattoxlaw.com
michelle@mattoxlaw.com

*Counsel for Plaintiff*

                                        */s/Christine Howard*
                                        Christine Howard, Esq.